**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WHM LLC,**

          **Plaintiff,**

**-vs-**                                                      Case No.  6:08-cv-864-Orl-22DAB

**NATIONAL ASSOCIATION OF**
**CERTIFIED HOME INSPECTORS and**
**NICK GROMICKO,**

          **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AGREED MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 19)**
>
> **FILED:** October 9, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

This is an action for confirmation of an arbitration award.  Plaintiff seeks an award of attorney and paralegal fees in the amount of $28,339.00, and costs of $1,576.65, for a total of $29,915.65 in costs and fees.  While the Court finds that Plaintiff is entitled to a fee award under the terms of the contract confirmed in the arbitration award (which itself determined that Plaintiff was entitled to attorney's fees), and the motion is unopposed, the Court nevertheless finds the requested fee amount

to be unreasonable in the context of this case, and therefore **respectfully recommends** that the motion be granted, in part and denied, in part, as set forth herein.

*The Claim*

The motion and accompanying Affidavits reflect that Plaintiff hired two firms, and *ten* professionals to prosecute this matter in this Court, two wit:

| | | | |
|---|---|---|---|
| **Brown McCaroll** | Blake A. Bailey | Partner | $310/hr |
| | Kelly Bagnall | Partner | $290/hr and $320/hr |
| | Kevin Koronka | Associate | $210/hr |
| | S. Hanley | Legal assistant | $90/hr |
| | E. Snow | Legal Assistant | $110/hr |
| | J. Graham | Legal Assistant | $110/hr |
| **Holland & Knight** | Jose Casal | Partner | $475/hr |
| | Joaquin J. Alemany | Associate | $270/hr |
| | John Fifield | Paralegal | $190/hr |
| | Elizabeth Chifori | Legal Assistant | $100/hr |

In total, the professionals at Brown McCaroll rendered 56 hours of service for a total of $15,165.00 during the pendency of this case, and Holland & Knight rendered 48 hours for a total of $13,174.00 during this period (May-October 2008).

*The Law*

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim,* 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart,* 461 U.S.

424, 433 (1983).  A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985)

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d 1292 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  The going rate in the community is the most critical factor in setting the fee rate.  *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990).  With respect to rates, an applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates.  *Norman,* 836 F.2d at 1299.  In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303.  With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

*Analysis*

Applied here, the Court finds the number of hours devoted to this case to be unreasonable. The docket reflects that this was not a complex case.  On May 29, 2008, Plaintiff filed a petition to

confirm an arbitration award against an entity and an individual (Doc. No. 1). The entity defaulted (Doc. No. 10) and the individual appeared *pro se*. Less than three weeks after Defendant's response to the Petition, Plaintiff moved for summary judgment (Doc. Nos. 12, 14). One month later, the Court granted summary judgment and closed the case (Doc. No. 17). The record reflects no discovery activity, no motion practice other than the successful dispositive motion, and the entire case was concluded in less than four months. Substantively, the law regarding confirmation of arbitration awards is clear and no novel or particularly difficult challenges were presented by the lone *pro se* Defendant.[1] Put simply, the Court finds that this case did not warrant the excessive call-to-arms presented.

While Plaintiff (or any party for that matter) has the right to the services of any counsel it chooses, when, as here, the cost of counsel is to be visited on another party, that right is not unfettered. The use of ten professionals to prosecute a simple case against an unrepresented party[2] is inherently unreasonable, as well as unnecessary. The timesheets reflect substantial redundancy such as numerous inter-office "conferences," and other duplicate efforts that are not chargeable to one's adversary.[3] In essence, the firms billed for performing the task, billed for supervising the performance of the task, and then billed for reporting to each other the performance of the task. In the context of this case, such triple tasking is overkill.

Upon review of the billing and the papers of record, the Court finds no more than 50 of the 104 hours claimed (10 partner hours, 30 associate hours, 10 legal assistant hours) to reflect services reasonably performed.

---

[1]Although the papers speak to "extraordinary" difficulties in locating and serving Defendant, this is not reflected in the docket. The summons was issued May 29 and service was perfected July 17, 2008.

[2]Defendant appeared pro se at the arbitration and no one appeared on the entity's behalf.

[3]The timesheets are redacted, but detail multiple individuals billing each discrete task.

As for rates, Plaintiff seeks a range from $90 for legal assistant work up to $475 for a particular partner. While the papers detail the considerable achievements of certain of these professionals (no specific information is provided with respect to the paralegals or legal assistants), reasonable rates are judged in accordance with the legal market (Orlando) and the services provided. Taking into account the *Johnson* factors to the extent the papers provide evidence of same, the Court finds $100 to be reasonable for paralegal/legal assistant work, $270 an hour to be reasonable for associate time and $320 to be reasonable for partner time. The Court therefore finds a reasonable award of fees to be **$12,300.00** and **recommends** award of same. Costs should be taxed by the Clerk via the filing of a Bill of Costs (which do not include electronic research charges) in the usual manner. *See* Rule 54(d)(1).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 14, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy